UNITED STATES of America

v.

George KOSKOTAS, et al., Defendants.

No. 80 Cr. 410 (KTD).

United States District Court,
S.D. New York.

June 23, 1988.

---

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City (Howard M. Shapiro, Asst. U.S. Atty., of counsel), for U.S.

Patton, Boggs & Blow, Washington, D.C. (Ronald S. Liebman, Mitchell R. Berger, Charles E. Talisman, Daniel E. Waltz, of counsel), and Solin & Breindel, P.C., New York City (Kenneth I. Schacter, of counsel), for defendant George Koskotas.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Defendant George Koskotas moves to dismiss the indictment pursuant to Fed.R. Crim.P. 47 and 48(b) on the ground that his right to a speedy trial, guaranteed under the Sixth Amendment of the United States Constitution, has been denied.

### FACTS

On July 16, 1980, Koskotas and others were named in a sixty-five count indictment charging conspiracy to violate, as well as a number of substantive violations of, federal statutes. The crimes charged were allegedly performed in furtherance of a scheme to obtain Social Security numbers for fictitious persons for use in submitting false claims to the Internal Revenue Service ("IRS") and the New York State Department of Labor Unemployment Insurance Fund ("NYSDOL"). The indictment was filed under seal and bench warrants were issued for all defendants. The indictment was unsealed on July 7, 1981.

John M. Wilkinson, Special Agent with the Criminal Investigation Division of the Internal Revenue Service, was assigned the task of locating the defendants. He questioned relatives of some defendants, questioned individuals at addresses identified in the indictment or owned by defendants,

and notified immigration services and law enforcement agencies of the outstanding bench warrants. Government's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Indictment ("Gov't Mem."), Exhibit B. In addition, on July 21, 1980, Assistant United States Attorney George T. Manning, by letter, notified the United States Immigration and Naturalization Services ("INS") that the defendants, who had entered the United States prior to the crimes charged on immigrant visas, were believed to have returned to Greece at the time of indictment. Manning requested that the INS take steps to apprehend the defendants should they attempt to reenter this country. Gov't Mem., Exhibit C. Although Koskotas' American wife has family residing in New York, there is no indication that the government contacted them or informed them of the charges against Koskotas. There were apparently no investigative efforts made to obtain information regarding Koskotas' location in Greece despite the government's awareness that he was there. Letter of Howard Shapiro dated April 14, 1988.

During the more than seven years between his indictment and his arrest on October 8, 1987, Koskotas, apparently unaware of the charges against him, remained at liberty as a resident citizen of Greece. He lived in Athens with his American wife and children and pursued an apparently successful and newsworthy career as a banker and publisher. He had frequent dealings with United States agencies, officials and businesses including: the United States Information Agency (Sponsor of the Fullbright Scholarship program in Greece), the United States Department of Commerce, the United States Ambassador to Greece, Irving Trust Company of New York, and Merrill Lynch and Company. In addition, his business ties and his wife's family ties to the United States caused him to make frequent visits to this country. In support of his claim that he was unaware of the charges against him, Koskotas points out that his passport bore his true name, he used his true name when he made plane and hotel reservations for his trips here, and he signed his true name to the INS report required of every international traveler at every United States border crossing.

Despite Koskotas' open visits to the United States, the government did not locate him until October 1987 when the United States Secret Service's security inspection of the invitees to a function to be hosted by Vice President Bush at the Executive Office Building in Washington, D.C., discovered the outstanding bench warrant from the indictment in this case. The Secret Service informed to the IRS and Koskotas was arrested.

After Koskotas was arrested it was discovered that the NYSDOL files containing the records of the investigation of this matter were destroyed pursuant to that department's general practice of maintaining records for no more than seven years. These files apparently contained, among other things, notes of a NYSDOL investigator's interviews of witnesses and copies of items in the possession of the United States Attorney. Affidavit of Michael R. Berger ¶ 3; Gov't Mem., Exhibit G, ¶ 10–11. It is impossible at this time to determine the exact contents of those files and the completeness of copies of documents formerly contained in those files.

## DISCUSSION

In *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1971) the Supreme Court articulated four factors to be balanced in assessing a defendant's claim that his Sixth Amendment right to a speedy trial has been violated: "length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 530, 92 S.Ct. at 2192.

■ The first factor, length of delay, was described by the *Barker* court as a "triggering mechanism" which indicates whether there is a need to review the other factors. *Id.* The parties here do not dispute that the more than seven-year delay between Koskotas' indictment and arrest is sufficiently lengthy to be presumptively

prejudicial. Such a delay is prejudicial on its face and its causes must be examined.

■ The second factor, the prosecutor's reason for delay in bringing Koskotas to trial, does not weigh heavily for either side in this case. The starting point for review of this factor is the prosecutor's duty to "make a diligent good-faith effort to locate and apprehend a defendant and bring the defendant to trial." *United States v. Diacolios*, 837 F.2d 79, 82 1083 (2d Cir.1988). There is no indication that the government's explanation for its seven year delay, its inability to locate the defendant, is anything but the truth. The evidence submitted in support of the motion which, with the benefit of hindsight, reveals that Koskotas was living a conspicuous and publicized life rather than the elusive life of a fugitive, does not establish the government's bad faith. Likewise, the government's failure to attempt to obtain Koskotas' extradition does not establish its lack of due diligence. *Id.* at 83–84. However, it is also evident that the government made only minimal efforts to locate Koskotas and that more could have been done. *Compare United States v. Potamitis*, 739 F.2d 784, 789 (2d Cir.1984) (good faith effort made to locate witnesses when evidence showed that prosecutors enlisted the aid of the United States embassy, provided the witnesses' brothers with copies of subpoenas and hired licensed professional process servers).

■ The third factor, Koskotas' assertion of his right to a speedy trial, carries little weight in this case. The fact that Koskotas made this motion promptly after his arrest and discovery of the indictment indicates the facially prejudicial nature of the seven year delay between indictment and arrest rather than Koskotas' desire to have the charges against him quickly resolved in the face of unending continuances.

■ The fourth factor, prejudice to Koskotas from the delay, is the controlling weight in the balance in this case. A critical sixth amendment concern represented by this factor is the potential harm to the defendant from lost evidence "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker*, 407 U.S. at 532, 92 S.Ct. at 2193.

Here, the government acknowledges that a file, representing the NYSDOL investigative efforts in this case, has been destroyed. Such a loss of documents creates an insurmountable prejudice to the Koskotas. It has, in effect, deprived him of potentially favorable evidence, the value of which can never be known.

The government argues that destroyed documents either were irrelevant to this prosecution, were not subject to discovery, or were copies of items provided in discovery. Gov't Mem. at 7. However, this argument cannot be supported when an index or summary of the contents of the destroyed files does not exist. The presumption of innocence requires that I credit the possibility that there was exculpatory evidence contained among the destroyed documents.

The loss of documents does not automatically deprive a defendant of a fair trial. There are undoubtedly circumstances in which investigators and witnesses can recreate lost documents. In this case, however, the loss of documents is compounded by the length of delay and the likelihood that witnesses' memories have been impaired by the delay. The government suggests that because some witnesses had limited memories at the time of the indictment that no prejudice has resulted to Koskotas from the delay. However, this supposes that all witnesses to events related to the indictment had impaired memories, that none of the witnesses could have their memories refreshed by the destroyed documents, and that Koskotas could not produce witnesses other than those relied upon by the government. As the Court pointed out in *Barker*, "[l]oss of memory ... is not always reflected in the record because what has been forgotten can rarely be shown." *Barker*, 407 U.S. at 532, 92 S.Ct. at 2193.

■ In sum, the balance of the factors described in *Barker* requires that the in-

dictment be dismissed. Although dismissal of the indictment is an "unsatisfactorily severe remedy ... it is the only possible remedy." *Barker,* 407 U.S. at 522, 92 S.Ct. at 2188. As discussed above, the extraordinary length of delay, the prosecutor's lack of justification for the delay, and the prejudice to the defendant inherent in the loss of evidence and witnesses' loss of memory, require dismissal of the indictment in this case.

SO ORDERED.